RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4858-15T3

T.H.,

 Plaintiff-Respondent,

 v.

C.B.,

 Defendant-Appellant.

______________________________________________________

 Submitted June 26, 2017 – Decided July 13, 2017

 Before Judges Fisher and Fasciale.

 On appeal from the Superior Court of New
 Jersey, Chancery Division, Family Part,
 Middlesex County, Docket No. FV-12-1861-16.

 Jabin & Fleming, LLC, attorneys for appellant
 (Christian P. Fleming, on the brief).

 Respondent has not filed a brief.

PER CURIAM

 Plaintiff commenced this action, pursuant to the Prevention

of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, alleging

defendant harassed her on April 19, 2016, as they ended their two-

and-one-half-year dating relationship. Defendant also filed a
domestic violence complaint, and the two matters were the subject

of one final hearing on April 27, 2016, at which time both parties

appeared without counsel. At the hearing's conclusion, the trial

judge granted a final restraining order (FRO) in favor of

plaintiff; defendant's action was dismissed.

 Defendant appeals from the entry of the FRO in plaintiff's

favor,1 arguing:

 I. THE TRIAL COURT IMPROPERLY DETERMINED THAT
 THE ALLEGED CONDUCT CONSTITUTED HARASSMENT,
 AND THUS THERE WAS NO PREDICATE ACT OF
 DOMESTIC VIOLENCE UPON WHICH TO BASE A FINAL
 RESTRAINING ORDER.

 II. THE COURT ABUSED ITS DISCRETION AND
 IMPROPERLY DENIED ADMISSION OF VIDEOTAPE
 EVIDENCE.

Because we agree with defendant's second argument – that the judge

mistakenly denied admission of video evidence – we vacate the FRO

and remand for further proceedings. For that reason, we need not

reach defendant's first argument regarding whether the conduct

found by the judge to have occurred constituted harassment.

 In support of her complaint, plaintiff asserted defendant

telephoned her fifty-one times on the day in question. Plaintiff

answered only one of these calls; that caller was defendant. The

judge, however, found the evidence was insufficient to support a

1
 Defendant did not appeal the order dismissing his domestic
violence action.

 2 A-4858-15T3
finding that defendant made the many other calls that day. Instead,

the judge found that defendant harassed plaintiff with regard to

what he said and did when he arrived at plaintiff's residence at

3:30 p.m. on the same day. Having found plaintiff to be a credible

witness, the judge determined that when defendant appeared at

plaintiff's residence he "threatened to show pictures"2 of

plaintiff "to people if [she] did not speak to him," and he accused

her of "sleeping around." The judge also found that, on an occasion

a week earlier, defendant "got upset" and called plaintiff "bitch,

whore, et cetera."

 During the presentation of her evidence, plaintiff asserted

that she had taken a video of what transpired. When she offered

to show the judge the video that was accessible from her

smartphone, the judge responded she would have "a problem with

getting that into evidence" because she lacked "a separate

preserved recording." Defendant, however, immediately responded

he had no objection to the judge viewing the video. Indeed, later

in the proceeding, as defendant presented his own evidence, he

asked to have plaintiff "show her video," and when the judge asked

if that was what defendant wanted, defendant twice responded,

2
 We discern from the judge's other findings that these were
intimate photographs.

 3 A-4858-15T3
"[a]bsolutely." Notwithstanding, the judge did not permit a

showing of the video.

 Defendant later moved for reconsideration, arguing in part

that the video, which had been excluded, would have supported

defendant's factual contentions. In denying the motion, the judge

explained that the video was not considered

 because no foundation was laid, and she was a
 pro se litigant. We don't just bring the video
 in. . . . I have no obligation to bring that
 video in. And typically when we have a pro se
 litigant, without laying that foundation, it's
 not coming in.

We reject this rationale.

 In considering the sufficiency of the judge's exclusion of

the video, we first note that it is self-evident that there are

no separate evidence rules that apply only to litigants who are

self-represented. Consequently, the judge erred when he barred the

video's admission because plaintiff "was a pro se litigant."

 As for the need for a foundation, we observe that the trial

judge, as gatekeeper, has "some degree of latitude" when

determining the sufficiency of evidence offered in support of the

authentication of evidence. State v. Hockett, 443 N.J. Super. 605,

614 (App. Div. 2016). But we find it an abuse of discretion for a

judge to fail to permit a proponent the opportunity to present

grounds for admission. Here, the judge denied admission without

 4 A-4858-15T3
offering either party with an opportunity to authenticate the

video.

 The burden of authenticating evidence "was not designed to

be onerous." Id. at 613. The proponent need only present evidence

"sufficient to support a finding that the matter is what its

proponent claims." N.J.R.E. 901. Here, the proposed evidence was

a video contained on plaintiff's smartphone that was available

when the evidence was offered. It is not clear what the judge

required for a foundation other than the testimony of a witness

that the images reflected in the video "reproduce[d] phenomena

actually perceived by the witness." State v. Wilson, 135 N.J. 4,

15 (1994) (internal quotation omitted). Proponents of a video or

motion picture are no longer required to detail the methods of

taking, processing, or storing the film. Id. at 14. Moreover, even

with such a low bar for authentication, the bar here was lowered

even further by the absence of an objection to its admission.

Indeed, as we have observed, both parties sought its admission,

implicitly conveying to the judge that they both believed the

video to be authentic.

 We also do not find the video's exclusion to be harmless.

Both parties thought it highly relevant because it depicted some

or all the events giving rise to the FRO in question. Consequently,

 5 A-4858-15T3
we conclude the judge's erroneous exclusion of that evidence was

prejudicial.

 The FRO is vacated,3 and the matter remanded for the reopening

of the record to allow for the submission of the video and for a

reconsideration or reexamination of the evidence previously

adduced in light of this additional evidence.

 Vacated and remanded. We do not retain jurisdiction.

3
 The temporary restraining order shall stand in place of the FRO
pending the completion and disposition of the final hearing.

 6 A-4858-15T3